AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. |
| Mario MENDOZA-SUAREZ ) | 5:24-mj-1009-PRL |
| ) | |
| Defendant(s) ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 8, 2024__ in the county of __Marion__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(1) | Illegal reentry by a previously deported alien, prior felony conviction. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Deportation Officer Mark Annotti, ICE
Printed name and title

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: January 11, 2024

_____
Judge's signature

City and state: Ocala, Florida          U.S. Magistrate Judge Philip R. Lammens
Printed name and title

STATE OF FLORIDA                                  CASE NO. 5:24-mj-1009-PRL

COUNTY OF MARION

### AFFIDAVIT IN SUPPORT OF THE ISSUANCE OF A CRIMINAL COMPLAINT

I, Mark Annotti, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Deportation Officer (DO) with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Enforcement Removal Operations (ERO), and have been employed with DHS/ICE/ERO for 20 years. I am currently appointed as the ERO Criminal Prosecutions (ECP) Officer assigned to Orlando, Florida. My duties include the investigation, arrest, and prosecution of cases involving persons who are illegally residing in the United States in violation of federal law.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set

forth only those facts I believe are necessary to establish probable cause that a violation of federal law has been committed.

3. On January 8, 2024, the Marion County Sheriff's Office (MCSO) arrested **Mario MENDOZA-SUAREZ** and booked him into the Marion County Jail (MCJ) based on state criminal charge of (1) operate motor vehicle without valid license. Following his arrest, the MCJ booking system automatically forwarded **MENDOZA-SUAREZ's** information to the ACRIMe (Alien Criminal Response Information Management System) national database.

4. On January 9, 2024, DO Michal Kocian identified **MENDOZA-SUAREZ's** information in ACRIMe, verified his identity, and determined that he likely was in the United States illegally. DO Kocian filed an ICE immigration detainer on **MENDOZA-SUAREZ** with the MCJ.

5. On January 9, 2024, DO Kocian contacted the Florida Department of Law Enforcement (FDLE), Biometric Service Section, and requested/received **MENDOZA-SUAREZ's** fingerprints relating to the MCJ booking on January 8, 2024. On January 10, 2024, DO Kocian submitted this set of fingerprints to the Federal Bureau of Investigation Criminal Justice Information Services Division (also referred to as IAFIS). IAFIS analyzed the set of fingerprints and found them to match **MENDOZA-SUAREZ** and his

unique FBI number. DO Kocian forwarded **MENDOZA-SUAREZ's** case to me because it falls under the guidelines of my assigned duties as the ECP Officer.

6. A review of various databases and ICE records disclosed that **MENDOZA-SUAREZ** has an Alien File Number (A xxx xxx 021). He was born in 1994, in Morelos, Mexico. He is a citizen of Mexico and not a citizen of the United States. On or about January 31, 2016, **MENDOZA-SUAREZ** was administratively ordered deported/removed from the United States to Mexico. **MENDOZA-SUAREZ** was physically removed from the United States to Mexico on four occasions, specifically on or about (1) February 1, 2016; (2) May 30, 2016, (3) October 3, 2016, and (4) October 20, 2017.

7. **MENDOZA-SUAREZ** has never applied to the Attorney General of the United States and/or the Secretary of the Department of Homeland Security for permission to re-enter the United States after being removed/deported from the United States.

8. A criminal history check revealed that **MENDOZA-SUAREZ** was convicted of (1) reentry of deported aliens, a felony violation of federal law, on October 17, 2017; he received a sentence of time served (approximately 62 days imprisonment).

9. Based on the foregoing, there is probable cause to believe that on January 8, 2024, **MENDOZA-SUAREZ** was found to be in the United States voluntarily after being previously removed or deported, in violation of 8 U.S.C. § 1326(a) and (b)(1).

This concludes my affidavit.

_____
Mark Annotti
Deportation Officer
Immigration & Customs Enforcement

Sworn to before me over the telephone or other electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d). This __11th__ day of January 2024.

_____
The Honorable Philip R. Lammens
United States Magistrate Judge

4